**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ERITH ALEJANDRO VAZQUEZ MOLINA, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-03314-JD |
| WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al., | ) | |
| Respondents. | ) | |

## ORDER TO RESPONDENTS TO SHOW CAUSE

The U.S. Court of Appeals for the Tenth Circuit ruled in favor of a habeas petitioner that 8 U.S.C. § 1226(a) governs pre-adjudicative detention and provides "eligib[ility] for release or entitle[ment] to a bond hearing." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1233 (10th Cir. 2026). The Court is aware of the pending circuit split[1] and the petition for writ of certiorari from the Second Circuit that the Supreme Court granted.[2] But absent a decision from the Supreme Court, this lower district court is bound

---

[1] *See id.* at 1235 (noting that "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who, like Santillan Quiroz, are found in the country's interior" while the "Fifth and Eighth Circuits have agreed with the Government that § 1225(b)(2)(A) applies" and noting that "[e]very other numbered circuit has heard argument on the question"). The Seventh and Ninth Circuits also issued split-panel decisions siding with the petitioners. *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026).

[2] Like the Tenth Circuit, the Second Circuit ruled that § 1226(a) applies instead of 8 U.S.C. § 1225(b)(2)(A), which mandates detention. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub nom.*, *Rhoney v. Barbosa da Cunha*, No. 26-104 (Oct. 1, 2026). *Cf.* Cert. Pet., *Buenrostro-Mendez v. Blanche*, No. 26-43 (filed July 2, 2026) (Buenrostro-Mendez's petition for a writ of certiorari challenging the Fifth

to follow Tenth Circuit authority.

Upon review of the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") [Doc. No. 1], Petitioner may fall into the "pre-adjudicative detention" posture at issue in *Santillan Quiroz*. Accordingly, the Court ORDERS Respondents to show cause by November 30, 2026, why the Petition should not be granted on this basis and why Petitioner should not be "provide[d] . . . with a bond hearing or else release[d]." *Santillan Quiroz*, 180 F.4th at 1251 n.13.

IT IS SO ORDERED this 19th day of November 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

Circuit's decision that § 1225(b)(2)(A) applies instead of § 1226(a)).